Kelley J. Henry
(TN Bar No. 021113)
Federal Public Defenders
810 Broadway, Suite 200
Nashville, TN 37203
Telephone: (315)736-5047
kelley_henry@fd.org

Denise Young, Esq.
(AZ Bar No. 007146)
2930 North Santa Rosa Place
Tucson, AZ 85712
Telephone: (520)322-5344
Dyoung3@mindspring.com

Counsel for Plaintiffs

Jon M. Sands
Federal Public Defender
Dale A. Baich
(OH Bar No. 0025070)
Robin C. Konrad
(AL Bar No. 2194)
850 West Adams, Suite 201
Phoenix, Arizona 85007
dale_baich@fd.org
robin_konrad@fd.org
602.382.2816
602.889.3960 facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad, Jr., et al.,<br>Plaintiffs,<br><br>v.<br><br>Janice K. Brewer, et al.,<br>Defendants. | Case No.2:13-cv-02001-ROS<br><br>Opposition to Transfer<br><br>**Executions Scheduled October 9, 2013, and October 23, 2013** |

On October 2, Plaintiff Edward Harold Schad, Jr., filed a complaint against Defendants,[1] in which he alleged that Defendants are violating his First Amendment right of access to governmental (execution) proceedings by refusing to turn over public information about "how the State and its justice system implement the most serious punishment a state can exact from a criminal

---

[1] Compl. (ECF No. 1), emailed for filing at 7:13 p.m. on October 2. It was processed on 8:57 a.m. on October 3. Later on October 3, Plaintiff Robert Glen Jones, Jr., filed a motion to intervene. (ECF No. 8.)

defendant—the penalty of death."[2]   *California First Amendment Coalition v. Woodford*, 299 F.3d 868, 873 (9th Cir. 2002).   Under this Court's local rules, this case is properly assigned, because The Honorable Roslyn O. Silver was the assigned judge for Mr. Schad's *habeas corpus* proceedings. *See* Order (Dkt. No. 3, filed Jan. 15, 1998) (reassigning case "by lot to  Judge Roslyn O. Silver"), Schad v. Ryan, No. 2-97-cv-02577-ROS (D. Ariz.).

Plaintiff Robert Glen, Jr., Jones filed a Motion to Intervene (ECF No. 8) (Defendants do not oppose intervention.)   Jones joined with Schad in filing a Motion for Preliminary Injunction.  (ECF No. 11.)

Plaintiffs have requested relief in the form of an order directing Defendants to provide non-confidential information that Plaintiffs have requested; Defendants, however, argue that this case "involves part of a continuing process of last-minute constitutional challenges to Arizona's ability to enforce its scheduled executions[,]" and therefore ask that the case be reassigned to the Honorable Neil V. Wake.  (Mot. Transfer Case to Judge Wake ("Transfer Mot."), ECF No. 10 at 1, filed Oct. 3, 2013.)  Defendants misunderstand Plaintiffs' status as plaintiffs in this particular action, and misread the Local Rules of Civil

---

[2] Plaintiffs also allege violations of their Due Process right to the information.  That claim includes no allegations related to the constitutionality of Defendants' execution protocol, and it raises no Eighth Amendment claim.  As Plaintiffs explained in their motion for preliminary injunction, they allege that "[b]y denying their legitimate and reasonable request for information regarding the drug to be used in their executions, Defendants have actively prevented Plaintiffs from being able to determine whether they have a valid claim that their Eighth Amendment right to be free from cruel and unusual punishment will be violated during their executions." (Motion by Plaintiffs Edward Harold Schad, Jr., and Robert Glen Jones, Jr., for Preliminary Injunction, and Memorandum in Support Thereof , ECF No. 11 at 12, filed Oct. 3, 2013.)
Plaintiffs' claim is only a claim for access to information; the claim raises no issues related to the constitutionality of lethal injection.

Procedure.   For these reasons, Plaintiffs respectfully request that Defendants' request be denied.

First, Defendants misunderstand the interests of Plaintiff Schad and Plaintiff Jones.   These Plaintiffs have brought their own individual First Amendment and Due Process claims to this Court, and do so in order to vindicate their personal constitutional rights.   They are individuals petitioning the government for the redress of their grievances.   Therefore, Plaintiffs do not understand how their *individualized* First Amendment and Due Process concerns can be labeled a "continuing process of last-minute constitutional challenges . . ." (Transfer Mot. at 1.)   Plaintiffs recognize that other death-row prisoners have raised their own constitutional claims in the past, but Plaintiffs have not been party to those claims.   (Indeed, as explained below, Plaintiffs' First Amendment and Due Process claims are unrelated to lethal-injection challenges that other prisoners have pursued.)   Defendants have not identified a "process" in which Plaintiffs participate; instead, Defendants simply issue an *ipse dixit* that such a process exists.   Plaintiffs are not part of any "process."   Plaintiffs' First Amendment rights (as with other constitutional rights), are personal to each individual, must be asserted by each individual, and *are* being asserted by each Plaintiff through his counsel. Defendants' claim otherwise is flawed and cannot stand as support for their motion.

Second, Plaintiffs' claims are not co-extensive, or even "closely related" (Transfer Mot. at 2) to lethal-injection challenges that were heard by Judge Wake. Plaintiffs here raise First Amendment and Due Process claims for *access to information*.   On the other hand, the cases that were before Judge Wake pressed claims that—as Defendants correctly explain—alleged "that ADC's lethal injection protocol was unconstitutional in violation of the Eighth Amendment." (Transfer Mot. at 2, *citing Dickens v. Brewer*, No. CV-07-1770-PHX-NCW, 2009 WL 1904294 (D. Ariz. July 1, 2009).)   Subsequently, after the Arizona

Department of Corrections (ADC) changed its protocol, death-row prisoners who faced execution under that protocol filed suit, alleging that the protocol's changes rendered ADC's new protocol unconstitutional under the Eighth Amendment. *See West v. Brewer*, 652 F.3d 1084 (9th Cir. 2011).  After the *West* case was settled, and after several prisoners were executed in ways that suggested violations of the Eighth Amendment, three death-row prisoners who were scheduled to be executed under a potentially unconstitutional protocol sued to vindicate their constitutional rights.  *Towery v. Brewer*, 672 F.3d 650, 652-53 (9th Cir. 2012); *Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012).  (Although these issues are not related to the claims that Plaintiffs now raise, it is worth noting that the Ninth Circuit stated that "Arizona's actions come perilously close to losing safe-harbor protection under *Baze* [v. Rees, 553 U.S. 35 (2008)]." *Lopez*, 680 F.3d at 1074.  Moreover, the court admonished that "the inability of the class of condemned prisoners to procure details about the execution process is troubling. This lack of access is compounded by the State's touting of the public nature of the execution, while concurrently curtailing transparency by shrouding the IV siting process in a cloak of secrecy." *Id.*)

The issues in those cases are not related to Plaintiffs' claims.  The cases before Judge Wake involved issues such as the siting of intravenous lines, the type of surgical procedures that ADC used in executions, the qualifications of the executioners to conduct medical procedures that are part of executions, and the efficacy of the drug ADC intended to use as the constitutionally required anaesthetic.  The case currently before this Court involves First Amendment and Due Process claims of access to information.  Accordingly, Defendants' claim that Judge Wake is familiar with these issues is faulty, and does not support their request for transfer of the case.

Finally, Defendants misread the rules related to case transfer.  As set forth in Rule 3.8(e) of the Local Rules of Civil Procedure:

> The Clerk of Court must randomly assign complaints filed by incarcerated persons and habeas corpus petitions to a District Judge and randomly refer them to a Magistrate Judge. *Any future pleadings filed by the incarcerated person or habeas corpus petitioner must be directly assigned and referred to the same District Judge and Magistrate Judge to whom the earlier case was assigned and referred*, unless otherwise ordered by the Court.

(Emphasis added.)

This local rule was amended in December 2011. Previously, the local rule provided that "any future pleadings lodged or filed by the prisoner shall be assigned to the same District Judge." Former LRCiv. 3.5(c). That language has since been strengthened; any future pleadings "*must be directly assigned* and referred to the same District Judge." LRCiv. 3.8(e) (emphasis added).

Rather than citing Rule 3.8, Defendants instead rely on Rule 42(a) of the Local Rules of Civil Procedure in order to support their motion. Their reliance on this rule is misplaced. Rule 42(a) provides that a party may file a motion to transfer cases to a single judge "*whenever two or more cases are pending* before different Judges." (Emphasis added). At this time, there are no related cases pending before Judge Wake. Indeed, Judge Wake issued his final order in *West v. Brewer* in December 2011. *See* Case No. 11-cv-1409-NVW, 2011 WL 6724628 (D. Ariz. Dec. 21, 2011). That case has been terminated, and the appeal has been withdrawn. *See* West, No. 11-cv-1409-NVW, Joint Dismissal Agreement Pursuant to Rule 42(b) (ECF No. 20), filed March 13, 2013. *Towery* and *Lopez* are equally finished.

Judge Wake has no "pending cases," and he has no specific familiarity with the First Amendment and Due Process issues that Plaintiffs raise in this matter. Accordingly, the case should remain before "the same District Judge and Magistrate Judge to whom the earlier case was assigned and referred . . . ." Rule 3.8(e).

Respectfully submitted this 3rd day of October 2013.

Kelley Henry                    Jon M. Sands
Federal Public Defender         Federal Public Defender
                                Dale A. Baich
Denise Young                    Robin C. Konrad
                                Assistant Federal Public Defenders

s/ Kelley Henry
Counsel for Schad               s/ Dale A. Baich
                                Counsel for Jones

**Certificate of Service**

I hereby certify that on October 3, 2013 , I electronically filed the foregoing Opposition to Transfer with the Clerk's Office by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Chelsea L. Hanson
Legal Assistant
Capital Habeas Unit