**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad, Jr., and Robert Glen Jones, Jr., | No. CV-13-02001-PHX-ROS |
| Plaintiffs, | DEATH PENALTY CASE |
| vs. | |
| Janice K. Brewer, et al., | **ORDER** |
| Defendants. | |

Plaintiffs Edward Schad, Jr., and Robert Glen Jones, Jr., have applied for a preliminary injunction. (Doc. 11.) Based on the standard applicable to such requests, the evidence presented, and the arguments made at the October 4, 2013 hearing, Plaintiffs have carried their burden of establishing that they are likely to succeed, in part, on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. Plaintiffs' request will therefore be granted in part. A more complete order will be issued no later than October 7, 2013.

Plaintiffs have established a First Amendment right to access information regarding the manufacturer of the lethal-injection drugs, the National Drug Code of the drugs, the lot numbers of the drugs, and the expiration date of the drugs. *See California First Amendment Coalition v. Woodford*, 299 F.3d 868 (9th Cir. 2002). Further, Defendants have not carried their burden under *Turner v. Safely*, 482 U.S. 78 (1987), to demonstrate that the withholding of this information is reasonably related to legitimate penological objectives, and that it is not an exaggerated response to those concerns. Specifically, in view of the fact that Defendants have disclosed this very information in the past, *see* Document 39 in *West v. Brewer*, CV-11-1409-PHX-NVW, and at today's hearing could not articulate any harm stemming from that disclosure, the Court finds that their refusal to disclose identical information now constitutes an exaggerated response to the asserted penological justification. Defendants have, however, demonstrated that there are legitimate penological reasons for not disclosing information that might identify the execution team. Finally, Plaintiffs have not established any current basis to enjoin their executions.

Accordingly,

**IT IS ORDERED granting in part** Plaintiffs' Motion for Preliminary Injunction (**Doc. 11**). No later than 12:00 p.m. on Saturday, October 5, 2013, Defendants must file on the docket, not under seal, the following information:

a. The manufacturer of the lethal-injection drugs that will be used in Plaintiffs' executions;

b. The NDCs of the lethal-injection drugs that will be used in Plaintiffs' executions;

c. The lot numbers of the lethal-injection drugs that will be used in Plaintiffs' executions; and

d. The expiration dates of the lethal-injection drugs that will be used in Plaintiffs' executions.

In all other respects, the Motion is **denied**.

**IT IS FURTHER ORDERED granting** the Motion of Robert Glen Jones, Jr., to Intervene (**Doc. 8**).

DATED this 4th day of October, 2013.

Roslyn O. Silver
Senior United States District Judge