**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad, Jr. and<br>Robert Glen Jones, Jr.,<br><br>   Plaintiffs,<br><br>vs.<br><br>Janice K. Brewer, et al.,<br><br>   Defendants. | No. CV-13-02001-PHX-ROS<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Before the Court is a Motion to Intervene (Doc. 30) filed by Pete Carl Rogovich. Although Defendants do not oppose the motion, the Court has "an independent duty to assure that standing exists, irrespective of whether the parties challenge it." *Washington Environmental Council v. Bellon*, 2013 WL 5646060, *4 (9th Cir. Oct. 17, 2013). Because the Court finds that Mr. Rogovich has not met the requirements of Rule 24 of the Federal Rules of Civil Procedure and does not have standing to intervene in this action, the motion will be denied and the action will be dismissed.

On October 2, 2013, Plaintiff Schad filed suit pursuant to 42 U.S.C. § 1983 seeking an injunction directing Defendants to disclose information about the lethal-injection drugs that were to be used in his execution. (Doc. 1.) On October 4, 2013, the Court permitted Plaintiff Jones to intervene and granted in part and denied in part Plaintiffs' motion for a preliminary injunction. (Docs. 23, 29.) On October 5, 2013, Defendants complied with the order requiring them to disclose certain information about the lethal-injection drugs that were

1 to be used in Plaintiffs' executions.  Subsequently, the Arizona Department of Corrections
2 carried out Plaintiffs' executions.  Because Plaintiffs sought only injunctive relief, their
3 deaths have rendered this action moot.  *See Kennerly v. United States*, 721 F.2d 1252, 1260
4 (9th Cir. 1983) (finding claim for injunctive relief moot after plaintiff's death).

5       Mr. Rogovich now seeks to intervene in this action under Rules 24(a)(2) and (b) of
6 the Federal Rules of Civil Procedure.  To intervene as of right under Rule 24(a)(2), Mr.
7 Rogovich must show that  (1) he "has a significant protectable interest relating to the . . .
8 subject of the action;" (2) "the disposition of the action may, as a practical matter, impair or
9 impede . . . [his] ability to protect [his] interest;" (3) "the application is timely;" and (4) "the
10 existing parties may not adequately represent . . . [his] interest."  *United States v. Alisal*
11 *Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los*
12 *Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).  "The party seeking to intervene bears the
13 burden of showing that *all* the requirements for intervention have been met." *Id.* (emphasis
14 in original).  Because Mr. Rogovich has failed to show that the second requirement has been
15 met, he is not entitled to intervention as of right.

16       Mr. Rogovich's interest in this action can be fully protected by filing his own action.
17 As a practical matter, that is what this action would become if he were allowed to intervene,
18 as there would be no other plaintiffs remaining in the action.  If he is not allowed to
19 intervene, the action will be dismissed as moot and there will be no judgment on the merits.
20 Although the order on Plaintiffs' motion for preliminary injunction might be cited as
21 persuasive authority in future cases, as the Court explained in its Order, its value will be
22 limited by its reliance on the specific evidence presented in this action.  In any future action,
23 the parties will be free to introduce additional evidence supporting their positions and new
24 circumstances would demand a fresh look.  In sum, as a practical matter, Mr. Rogovich's
25 interests will not be impaired or impeded by denial of his motion to intervene and the
26 dismissal of this action as moot.

27       Moreover, intervention is futile because Mr. Rogovich does not currently have a
28 cognizable cause of action.  "Whether framed in terms of ripeness or standing, [Mr.

Rogovich's] alleged injury is too speculative to give rise to a case or controversy as required by Article III." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012). To have standing in federal court, a plaintiff must demonstrate the existence of an injury in fact, that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). The Ninth Circuit has characterized the ripeness inquiry "as standing on a timeline." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009). Claims that are "based solely on harms stemming from events that have not yet occurred, and may never occur" should be dismissed "because the plaintiffs raising such claims have not 'suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry.'" *Alcoa, Inc*, 698 F.3d at 793 (quoting *Bova*, 564 F.3d at 1096-97).

An action by Mr. Rogovich to obtain information about the lethal-injection drugs that will be used in his presently-unscheduled execution is premature and too speculative to meet the standing and ripeness test. Mr. Rogovich asserts that *when* the Arizona Supreme Court issues a warrant for his execution, he will ask Defendants about the lethal-injection drugs they intend to use in his execution and he "has no reason to believe that they will provide him with that information." (Doc. 30, at 6.) Because he does not allege that Defendants currently have the lethal-injection drugs to be used in his execution, an action to compel Defendants to disclose information not presently in their possession is premature—the Court could not grant the relief he seeks.

Additionally, whether Defendants will refuse to disclose the information is purely

1 speculative. As Mr. Rogovich himself notes, Defendants' past responses to requests for
2 lethal-injection drug information has been inconsistent at best: "**ADC has previously**
3 **provided drug information, including, inter alia, lot numbers, expiration dates, and**
4 **manufacturers, and did so without a court order, and without a protective order.**"
5 (Doc. 1, Ex. 1 at 8) (emphasis in original). Because the relief Mr. Rogovich seeks cannot
6 currently be granted and because the fear that he will not get the information he seeks
7 without a court order is speculative, his putative action is premature. Accordingly, the
8 motion to intervene will be denied.

9 Because Mr. Rogovich will not be allowed to intervene and because Plaintiffs' deaths
10 have rendered this action moot, the action must be dismissed. Based on the foregoing,

11 **IT IS ORDERED** the Motion to Intervene (**Doc. 30**) is **DENIED**.

12 **IT IS FURTHER ORDERED** that Plaintiff's Application for Leave to Proceed In
13 Forma Pauperis (**Doc. 2**) is **DENIED AS MOOT**.

14 **IT IS FURTHER ORDERED** that the Clerk of Court terminate this matter as moot
15 and enter judgment accordingly.

16 DATED this 25th day of October, 2013.

Roslyn O. Silver
Senior United States District Judge